UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCUS JERMAINE ASH                                    CIVIL ACTION

VERSUS                                                 NO. 17-3026

BP EXPLORATION & PRODUCTION                            SECTION M (2)
INC., *et al.*

## ORDER & REASONS

Before the Court is a *Daubert* motion *in limine* to exclude the general causation opinions of plaintiff's medical expert Dr. Jerald Cook filed by defendants BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Holdings LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. (collectively, "Defendants").[1] Plaintiff Marcus Jermaine Ash responds in opposition,[2] and Defendants reply in further support of their motion.[3]

Also before the Court is Defendants' motion for summary judgment in which they argue that the case should be dismissed because Ash cannot prove general causation without Cook's opinions.[4] Ash responds in opposition,[5] and Defendants reply in further support of their motion.[6]

Defendants' motions here are nearly identical to those filed by Defendants, and granted by this Court, in other B3 cases. *See Carpenter v. BP Expl. & Prod., Inc.*, No. 17-3645, R. Doc. 64 (E.D. La. July 14, 2022); *Johns v. BP Expl. & Prod. Inc.*, 2022 WL 1811088 (E.D. La. June 2,

---

[1] R. Doc. 55.
[2] R. Doc. 60. Ash filed a motion for leave to file exhibits under seal (R. Doc. 61), which is GRANTED. The Court has considered the sealed exhibits.
[3] Defendants filed a motion for leave to file a reply (R. Doc. 64), which is GRANTED. The Court has considered Defendants' reply.
[4] R. Doc. 56.
[5] R. Doc. 59.
[6] Defendants filed a motion for leave to file a reply (R. Doc. 65), which is GRANTED. The Court has considered Defendants' reply.

2022); *Johnson v. BP Expl. & Prod. Inc.*, 2022 WL 1811090 (E.D. La. June 2, 2022); *Macon v. BP Expl. & Prod. Inc.*, 2022 WL 1811135 (E.D. La. June 2, 2022); *Murray v. BP Expl. & Prod. Inc.*, 2022 WL 1811138 (E.D. La. June 2, 2022); *Street v. BP Expl. & Prod. Inc.*, 2022 WL 1811144 (E.D. La. June 2, 2022).[7]

Accordingly, for the reasons stated in the Orders & Reasons issued in those cases,

IT IS ORDERED that Defendants' *Daubert* motion to exclude Cook (R. Doc. 55) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (R. Doc. 56) is GRANTED, and Ash's claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 14th day of July, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] Ash filed an opposed motion for extension of deadlines seeking to delay the Court's ruling on these motions and halt discovery until plaintiffs' counsel concludes B3 docket-wide discovery regarding BP's alleged failure to conduct dermal monitoring and biomonitoring of oil-spill workers, arguing that such discovery will aid the Court in understanding why Cook could not analyze dose-response data. R. Doc. 70. As the Court has explained in granting the nearly identical motions *in limine* in other B3 cases, the point of an expert on general causation is to explain whether the exposure to a particular chemical is capable generally of causing a certain health issue in the general population. It is not dependent on data from the particular incident at issue. Thus, BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions.